UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-CV-13858-RGS

PEDRO A. FLORES, ESTHER YANES-ALVAREZ,
and ROSA YANES

v.

ONEWEST BANK, F.S.B., INDYMAC MORTGAGE SERVICES,
OCWEN SERVICING, LLC, AND
FEDERAL NATIONAL MORTGAGE ASSOCIATION

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

March 23, 2016

STEARNS, D.J.

Plaintiffs Pedro Flores, Esther Yanes-Alvarez, and Rosa Yanes, are the former joint owners of 77 School Street, Everett, Massachusetts (Property), where they still reside. This is the latest in an iterative series of complaints filed by the plaintiffs in state and federal courts alleging that defendants' unfair and predatory mortgage lending and loan servicing practices led to a wrongful foreclosure on the Property in May of 2012.

Flores and Yanes-Alvarez are a married couple, and Rosa Yanes is Yanes-Alvarez's mother. In March of 2003, Flores and Yanes-Alvarez purchased the Property for $390,000, financed with a loan of $370,500 from

Novastar Home Mortgage (Novastar).  In July of 2004, they deeded a partial interest in the Property to Ms. Yanes and refinanced the loan with a Novastar adjustable rate mortgage.  The Flores family refinanced a third time with Novastar in May of 2006, and a fourth time with Dynamic Capital Mortgage, Inc. (Dynamic) in April of 2007.  The subject of this lawsuit is the 2007 loan from Dynamic – a fixed 7.25% rate on an initial principal balance of $460,000.  The loan required interest-only payments for the first 10 years.  To secure their payment obligations, the Flores family executed a mortgage on the Property dated April 6, 2007, in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee and nominee for the lender.  Am. Compl. ¶ 20.  MERS assigned the mortgage to defendant OneWest Bank F.S.B. on March 17, 2010.

> In 2008,
>
> the Flores Family suffered a series of unfortunate events that made it difficult for them to meet their monthly mortgage obligations. Mr. Flores lost one of his two jobs, Ms. Yanes-Alvarez lost her job, and Ms. Yanes suffered a serious medical issue that forced her out of her job and led to significant medical expenses.

*Id.* ¶ 29.  Plaintiffs eventually defaulted on the mortgage, but allege that they "never received a notice of their right to cure their default." *Id.* ¶ 30.  In April of 2012, with the assistance of counsel, the plaintiffs sought a loan modification and "other loss mitigation alternatives." *Id.* ¶ 32.  On April 24,

2012, they received a letter from defendant Indymac Mortgage Services requesting additional documentation (while there is no other mention of Indymac in any of the court pleadings, presumably the letter was sent in its role as a subsidiary of OneWest).  A loan modification application was sent to the plaintiffs on April 25, 2012.  The application was denied on May 11, 2012.  Plaintiffs claim that "the sole reason [for the bank's rejection was] that a foreclosure was scheduled for May 15, 2012, and it would not be delayed." *Id.* ¶ 39.  OneWest purchased the Property at the May 15 foreclosure.  On June 13, 2012, the Property was conveyed to Fannie Mae, *id.* ¶¶ 41-44, which remains the current owner of the Property.  *Id.* ¶¶ 43-45.

In April of 2013, Fannie Mae began eviction proceedings against the Flores family in the Malden District Court.  The Flores raised four defenses: (1) the mortgage that they had granted on the Property was "illegal under Massachusetts law and unenforceable"; (2) the foreclosure sale of the Property was invalid because "the foreclosing entity violated its duty of good faith and reasonable diligence"; (3) the foreclosure was invalid because they did not receive notice; and (4) the mortgage was not properly notarized.

After filing their answer in the eviction action, in May of 2013, Flores and Yanes-Alvarez filed a voluntary joint petition under Chapter 13 of the

Bankruptcy Code.[1]  *See In re Flores*, No. 13-12872 (Bankr. D. Mass. 2013). On May 24, 2013, Fannie Mae filed a motion for relief from stay in the Bankruptcy Court seeking to gain possession of the Property.  The debtor-plaintiffs did not file an objection, and the Court granted the motion on June 11, 2013.  *Id.* at Dkt. #27.  Two days later, the debtor-plaintiffs, joined by Rosa Yanes, filed an adversary proceeding in the Bankruptcy Court against defendants OneWest, Indymac, and Federal National Mortgage Association asserting six claims (similar to the claims echoed in this action): (1) breach of the duty of good faith and reasonable diligence; (2) violation of Mass. Gen. Laws ch. 244, § 35A; (3) violation of Mass. Gen. Laws ch. 183, § 28C; (4) violation of Mass. Gen. Laws ch. 93A; (5) unjust enrichment; and (6) to quiet title.  *See In re Flores,* No. 13-01153 (Bankr. D. Mass. 2013) – Dkt. #1. Defendants moved to dismiss, asserting lack of subject matter jurisdiction, or, in the alternative, for abstention.  *Id.* – Dkt. #42.  Plaintiffs failed to oppose and, on July 8, 2014, the Bankruptcy Court entered an Order of Abstention.  *Id.* – Dkt. #53.

    Plaintiffs filed this federal court Complaint on November 15, 2015, on the eve of a hearing in the Malden District Court to restore the eviction action

---

[1] The eviction action was stayed because of the bankruptcy filing. Rosa Yanes was not a party in the bankruptcy.

to the docket.  An Amended Complaint was filed on November 16, 2015, asserting the same nine claims against each defendant: (Count I) breach of the duty of good faith and reasonable diligence; (Count II) violation of Mass. Gen. Laws ch. 244, § 35A; (Count III) violation of Mass. Gen. Laws ch. 183, § 28C (Borrower's Interest Act); (Count IV) violation of Mass. Gen. Laws ch. 93A; (Count V) unjust enrichment; (Count VI) quiet title; (Count VII) unfair and deceptive practices pursuant to Section 5 of the Federal Trade Commission Act (FTCA); (Count VIII) failure to comply with Mass. Gen. Laws ch. 244, § 15A and §§ 11-17C; and (Count IX)[2] failure to comply with paragraph 22 of the mortgage instrument.  In their allegations, plaintiffs state that the increase in their mortgage payments at Year Ten was greater than thirty-three percent of their combined income; that rental income on the Property had been inaccurately listed as $1,425, when it is $1,200; that they have no recollection of executing the mortgage before a notary; and that the execution of the acknowledgement of the mortgage was defective.

## DISCUSSION

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[2] The Amended Complaint contains two counts listed as Count VIII. For clarity, the court refers to this claim (second Count VIII) as Count IX.

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

Count I of plaintiffs' Amended Complaint alleges that defendants have breached "the duty of good faith and reasonable diligence" by "rejecting an alternative to foreclosure and refusing to delay the foreclosure to fully consider a loan modification." Am. Compl. ¶ 67. Good faith is a duty infused in a contract. "The concept of good faith 'is shaped by the nature of the contractual relationship from which the implied covenant derives,' and the 'scope of the covenant is only as broad as the contract that governs the particular relationship.'" *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 238

(1st Cir. 2013), quoting *Ayash v. Dana-Farber Cancer Inst.*, 443 Mass. 367, 385 (2005). Plaintiffs fail to point to any contract that required defendants "to fully consider a loan modification." *Id.* ¶ 67. Plaintiffs admit that they have not made (or have been unable to make) loan payments since 2008. *Id.* ¶ 29. Given the default, defendants had no duty to suspend the foreclosure sale to accommodate a loan modification. *See MacKenzie v. Flagstar Bank, FSB,* 738 F.3d 486, 491 (1st Cir. 2013); *see also Figueroa v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 2244348, at *3 (D. Mass. May 20, 2013) ("Fannie Mae was not bound to act as a fiduciary for Figueroa in deciding whether or not to pursue foreclosure; it was only bound to act as a fiduciary in actually conducting the foreclosure process."). *Cf. Souza v. Bank of Am. Nat'l Ass'n,* 2013 WL 3457185, at *3 (D. Mass. July 8, 2013) ("Every Court of Appeals that has addressed the issue has concluded that HAMP does not provide an implied right of action under federal law.").

Count II (violation of Mass. Gen. Laws ch. 244, § 35A), Count VIII (failure to comply with Mass. Gen. Laws ch. 244, § 15A, §§ 11-17C) and Count IX (failure to comply with paragraph 22 of the mortgage instrument) are tort-based claims arising from defendants' alleged wrongful foreclosure on the Property. The foreclosure occurred on May 15, 2012. This case was commenced on November 15, 2015. The statute of limitations in

7

Massachusetts for an action in tort is three years. *See* Mass. Gen. Laws. ch. 260, § 2A. Accordingly, these claims are time-barred.

Count III (Mass. Gen. Laws ch. 183, § 28C), and Count IV (Mass. Gen. Laws ch. 93A), asserting irregularities in the execution of plaintiffs' April 6, 2007 refinancing documents are consumer protection claims.[3] These claims are subject to a four-year statute of limitations. Mass. Gen. Laws ch. 260, § 5A. Consequently, they also must be dismissed as time-barred. *See Da Silva v. U.S. Bank, N.A.,* 885 F. Supp. 2d 500, 504 (D. Mass. 2012) ("A violation involving an issuance of a loan begins to accrue from the moment the parties entered into the loan.").

The unjust enrichment claim, Count V, alleges that defendants retained monies from the foreclosure sale in excess of what plaintiffs owe. The Property sold for $556,522.66 on May 15, 2012, while plaintiffs' debt, according to a November 18, 2013 statement from Ocwen Loan Servicing LLC, was "a principal balance in the amount of $460,000.00."[4] Am. Compl.

---

[3] Substantively, there is no dispute that plaintiffs conveyed a mortgage on the Property in exchange for the 2007 loan. In other words, they obtained the benefit of their bargain.

[4] As plaintiffs had a ten-year, interest-only loan, it is unsurprising that the principal balance is less than the bid at sale as plaintiffs were not making mortgage payments, including interest, which the mortgagee is permitted to recover, in addition to the principal and the expenses incurred in bringing a foreclosure proceeding. *See* Mass. Gen. Laws. ch. 183, § 27.

8

¶ 49.  However, unjust enrichment is a theory of equitable recovery, not an independent cause of action. *See Mass. Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.,* 412 F.3d 215, 234 (1st Cir. 2005) ("Unjust enrichment is an equitable stopgap for occasional inadequacies in contractual remedies at law."); *Lopes v. Commonwealth*, 442 Mass. 170, 179 (2004).  "Where a binding contract governs the parties' relationship, the contract provides the measure of the [aggrieved party's] right and no action for unjust enrichment lies."  *McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.,* 339 F.3d 1087, 1091 (9th Cir. 2003); *Santagate v. Tower*, 64 Mass. App. Ct. 324, 329 (2005).  Because plaintiffs have an adequate remedy at law, the claim for unjust enrichment will be dismissed.[5]

In Count VI, plaintiffs assert a claim to quiet title, alleging that the 2007 mortgage "was not properly executed." Am. Compl. ¶ 94.  As factual support, plaintiffs report that they "do not recall appearing before a notary";

---

[5] As the court has noted, plaintiffs have a remedy at law provided by Mass. Gen. Laws ch. 183, § 27, which requires the pay over of any surplus of a foreclosure after the deduction of "all costs, charges or expenses incurred or sustained by him or them by reason of any default . . . ."  The accounting, however, is not due until 60 days after all legal proceedings related to the foreclosure are concluded.  Consequently, even if the claim is construed as one for an accounting, it is premature, as the mortgagee's duty has not yet attached because of the litigation brought by the plaintiffs.  *See generally Duclersaint v. Fed. Nat'l Mortg. Ass'n,* 427 Mass. 809, 811-812 (1998).

9

that, despite the language of the acknowledgement, Ms. Yanes did not produce a driver's license to establish her identity as she has none; and that "[t]he acknowledgement is phrased in the singular, while each member of the Flores Family purportedly signed." Am. Compl. ¶¶ 95-98. A plaintiff seeking to quiet title in Massachusetts must show both a right to possession and legal title to the property. *See Bevilacqua v. Rodriguez*, 460 Mass. 762, 767 n.5, (2011), quoting *Sheriff's Meadow Found., Inc. v. Bay-Courte Edgartown, Inc.*, 401 Mass. 267, 269 (1987) ("[A] quiet title action requires the plaintiff 'not merely to demonstrate better title to the locus than the defendants possess, but requires the plaintiff to prove sufficient title to succeed in its action.'").

In Massachusetts, the mortgagee, rather than the mortgagor, holds legal title to the mortgaged property. *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 649 (2011). The mortgagor possesses only an equitable title to the property as long as the mortgage debt remains unpaid. *Id; see generally Maglione v. BancBoston Mortg. Corp.,* 29 Mass. App. Ct. 88, 90 (1990) ("Literally, in Massachusetts, the granting of a mortgage vests title in the mortgagee to the land placed as security for the underlying debt. The mortgage splits the title in two parts: the legal title, which becomes the mortgagee's, and the equitable title, which the mortgagor retains."). Thus,

"a quiet title action is not an avenue open to a mortgagor whose debt is in arrears because, until the mortgage is discharged, the title necessarily remains under a cloud." *Oum v. Wells Fargo, N.A.*, 842 F. Supp. 2d 407, 412 (D. Mass. 2012), *abrogated on different grounds, Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 290 (1st Cir. 2013). While the parties fail to identify the exact date on which plaintiffs stopped making loan payments (it appears to have been in 2008), it is undisputed that they have not made any payments since early 2012, and have made no use and occupancy payments despite holding over on the Property since the foreclosure in May of 2012. Count VI therefore must be dismissed.

The remaining claim – Count VII – alleges that defendants "engaged in unfair and deceptive practices by sending misleading communications to plaintiffs regarding their mortgage loan, monthly mortgage payments, amounts owed via the United States Postal Service" in violation of Section 5 of the FTCA. Am. Compl. ¶ 101. Section 5 of the FTCA does not authorize a private right of action. *See Lee v. BAC Home Loans Servicing, LP*, 2013 WL 212615, at *4 (D. Mass. Jan. 18, 2013), citing *Holloway v. Bristol-Meyers Corp.*, 45 F.2d 986, 987 (D.C. Cir. 1973) (stating that no private right of action exists under the FTCA); *see also Tanol Distrib., Inc. v. Panasonic Co., Div. of Matsushita Elec. Corp. of Am.*, 1987 WL 13319, at 2 (D. Mass. July 2,

1987) ("Numerous cases have established that no private right of action exists under the FTCA."). Accordingly, Count VII also will be dismissed.

## ORDER

Defendants Federal National Mortgage Association, IndyMac Mortgage Services, Ocwen Servicing LLC, and OneWest Bank F.S.B.'s motion to dismiss the Amended Complaint is <u>ALLOWED</u>.  The Clerk will issue an Order of Dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE